UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FABIAN ALMAZAN CRUZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06061 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On December 23, 2025, Respondents were ordered to notify the Court of any anticipated or planned transfer of Petitioner outside the Southern District of Texas at least five (5) days before any such transfer. Doc. #7 at 3. On June 3, 2026, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to file a status report within seventy-two (72) hours, "informing the Court of the status of Petitioner's release." Doc. #23 at 3. On June 5, 2026, Respondents informed the Court for the first time that Petitioner was granted pre-conclusion voluntary departure on March 16, 2026, and that he departed the United States on March 20, 2026. Doc. #24.

Petitioner's departure from the United States mooted his request for habeas relief. *See Chavez-Gallegos v. Castro*, No. 5:19-CV-00225-OLG, 2020 WL 13556697, at *2 (W.D. Tex. Feb. 7, 2020) ("[A] petitioner's release from custody and subsequent voluntary departure renders a habeas petition moot."). Because Petitioner departed the United States on March 20, 2026, more than two months before the Court issued its June 3rd Order, the Court could no longer grant effective habeas relief. *See Anh Nguyen v. Sessions*, No. 4:18-CV-2423, 2019 WL 2539891, at *1 (S.D. Tex. June 19, 2019) ("Nguyen's petition challenges only his continued detention, his release from custody leaves nothing

for this Court to remedy."). Therefore, the Court concludes that this action became moot before entry of its June 3rd Order and vacatur is appropriate.

As discussed above, Respondents failed to notify the Court of Petitioner's departure as required by the Court's December 23rd Order. Effective judicial oversight of habeas proceedings depends upon timely notice of material changes in a petitioner's custody status. *See Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *4 (S.D. Tex. Dec. 21, 2010) ("The importance of a habeas petitioner's custody status cannot be minimized."). Moreover, Respondents possess near-exclusive access to such information while a petitioner remains in their custody. The Court's December 23rd Order was intended to encompass all material custody developments, including Petitioner's departure from the United States. *See* Doc. #7 at 3. Although the Court declines to impose sanctions, Respondents are expected to comply with all future notification orders.

For the foregoing reasons, the Court's Order granting the Petition for Writ of Habeas Corpus (Doc. #23) is VACATED. This action is DISMISSED as MOOT. Respondents are DIRECTED to comply with all future notification and reporting requirements regarding petitioners' departures from the United States. The Court will enter a separate final judgment.

It is so ORDERED.

JUN 1 5 2026
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge